POSTAL TELEGRAPH CABLE CO. OF TEXAS v. DE KREKKO. (No. 5504.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 13, 1915.)

1. EVIDENCE ☞471 — OPINION — CURE BY CONTEXT.
    In an action for rent, where the answer of a witness, although a portion of it, considered

alone, appeared to be his opinion as to the meaning of certain statements made by a third person, when considered as a whole merely stated what such person had said, its admission was proper.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. ⊙——471; Witnesses, Cent. Dig. § 834.]

2. LANDLORD AND TENANT ⊙——231—SUBLETTING — CONTRACT — SUFFICIENCY OF EVIDENCE.

In an action for rent, evidence *held* to show that defendant, through its agent, made a contract to subrent the premises for one month, with an option to extend the contract to cover the term of plaintiff's lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. ⊙—— 231.]

3. LANDLORD AND TENANT ⊙——80—OPTION TO SUBLET—PERFORMANCE.

Where premises were sublet for one month, with the option, if satisfactory to extend the time of occupancy to one year, the term of the tenant's lease, the sublessee, by retaining the space longer than a month, signified its satisfaction, and abandoned its right to limit the contract to such period.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 254–257; Dec. Dig. ⊙—— 80.]

4. JUDGMENT ⊙——199 — JUDGMENT NON OBSTANTE VEREDICTO.

The court had no power to render judgment in disregard of the jury's findings; its power being limited to setting aside the verdict and granting new trial.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 367–375; Dec. Dig. ⊙——199.]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by George De Krekko against the Postal Telegraph Cable Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

A. P. Wozencraft, of Dallas, and Cobbs, Eskridge & Cobbs, of San Antonio, for appellant. Engelking & James, of San Antonio, for appellee.

MOURSUND, J. Appellee sued appellant in justice's court, alleging that appellant, through its agent, W. E. Herring, leased certain premises from appellee for 11 months, agreeing to pay $15 per month for the use thereof, and that it only paid the sum of $60. Judgment was rendered in favor of plaintiff for $105. An appeal was taken, and the trial resulted in a verdict and judgment in favor of plaintiff for $105, with interest from March 1, 1914. No written pleadings were filed.

[1] Appellant complains of the admission of a portion of an answer of the witness G. De Krekko to a cross-interrogatory. When considered alone, this portion of the answer appears to be the opinion of the witness with regard to the meaning of certain statements made by Herring; but, when the entire answer is considered, it is obvious that the witness merely stated what Herring had said, namely, that they (meaning appellant company) would try the lease one month, and if they remained over and above that month it would mean for them to stay for the year. The first assignment of error is overruled.

[2, 3] By the second assignment of error complaint is made of the overruling of defendant's motion for an instructed verdict; the contention being that the undisputed evidence showed that defendant was to take the space in plaintiff's store for a substation for one month, and that if it paid the first month then defendant was to take such space for the life of plaintiff's lease, and that the evidence showed that the business did not pay for the first month. Defendant's witness Herring did not undertake to testify regarding the terms of the contract made by him with plaintiff. Plaintiff testified on direct examination that Herring said, "I want to take that space for one month with the privilege of one year;" that Herring asked him how long his lease ran, and he told Herring one year, and that Herring then said, "That is satisfactory, and we will take it the same as your lease, if it is satisfactory at the end of the first month." Plaintiff's brother testified that Herring said they would try for one month, and if they continued over and above that month it meant for them to stay for the year. Defendant used and paid for the space for four months, without undertaking to make any other contract.

It is true that upon cross-examination plaintiff testified that he understood Herring was trying the business, and that he would take the space for the rest of the lease if the business paid. Upon redirect examination he again testified to the actual language used by Herring, which was in substance that, if the business was satisfactory and they did a good business, he would keep the space during the term of plaintiff's lease. This evidence clearly shows a contract to rent for one month, with an option to extend the contract to cover the term of plaintiff's lease. It shows clearly that defendant could abandon the premises at the end of the month, and the contract would be at an end; but it does not show that it could stay for four months, and then say that it had never become bound, except for one month, but had secretly been a tenant at will. It was never the intention of the parties that, if the business was unsatisfactory, or did not pay, defendant could act as if it was satisfactory, continue its possession, apparently exercise its option to lease for the remainder of plaintiff's term, and then, after four months, say it had never made a contract, except for one month. Under the terms of the contract, by exercising its option to retain the space longer than the month, defendant signified its satisfaction with the business done, and abandoned its right to limit the contract to one month. The court did not err in overruling defendant's motion for an instructed verdict, and the assignment is overruled.

[4] The third assignment complains of the refusal of a motion for judgment in favor of defendant notwithstanding the verdict. The court did not err in overruling the motion. If the undisputed evidence had shown the facts set out in the motion, the jury having made findings on the points relied upon by defendant, the court had no power to render judgment in disregard of such findings; its power being limited to setting aside the verdict and granting a new trial. Fant v. Sullivan, 152 S. W. 515.

The judgment is affirmed.